The People agt. Parkes.

---

## THE PEOPLE agt. EDWIN PARKES.

This little case shows what a *justice of the peace* can do, when he tries, to wit:

That the *landlord and owner* of a house rented and kept for the purposes of *prostitution*, is to be regarded in law as the *keeper* of the house, and liable (equally with the tenant) to indictment, and to all the penalties imposed by law, if with his knowledge and consent, the house is used for such immoral purposes.

And this is so, although the tenants occupying the premises hired from the owner's lessee, the landlord, however, accepting and receiving his rents directly from the under-tenants. ( *The justice has the case of The People* agt. *Erwin*, 4 *Denio*, 129, *to back his decision, except in that case, the tenant occupied under a lease directly from the owner, and both were indicted.)*—[REPORTER.

*Binghamton, Broome County, New - York.*

THE defendant, Edwin Parkes, was brought before WM. M. WATERMAN, Justice, January 21st, 1858, on a charge of being a " disorderly person," and keeping a house of ill-fame.

GEORGE A. NORTHRUP, *District-Attorney, appeared for the people,* and

GILES W. HOTCHKISS, *for the defendant.*

The proceedings were under the statute, against Parkes as the owner and lessor of the house, *knowing and assenting to the fact* that it was kept as a house of prostitution.

Justice WATERMAN, in pronouncing his decision in this cause, said : That the questions now before the court for adjudication are, to what extent are landlords or lessors of dwellings liable for the acts of their tenants ? Are they liable to the same extent, at least, as their tenants ? Is the defendant in this cause as *landlord* and *owner,* to be regarded by law as the *keeper* of the house of prostitution in question ?

Justice WATERMAN further said : That he held the landlord or lessor of a dwelling equally liable with the tenant, to indictment, and to all the penalties imposed by law, if with his knowledge and consent the house is used for unlawful and immoral purposes ; that the owner is bound by law so to use his property, that the public shall not be annoyed thereby, and the moral sense of the community shocked.

The house in question might be emptied of its contents to-day, and swarm with the vicious to-morrow. The people required security from annoyance in future. That although the defendant in this cause, may have rented his dwelling in good faith to Broas—Broas having underlet the same to Johnson & Germond, who kept a notoriously bad house ; yet if the defendant recognized them as his tenants, after they had taken possession, by sanctioning their evil practices, receiving from them rents, the proceeds of their ill-gotten gains, the defendant then *keeps* the house in the eye of the law, and is liable as be-

fore stated to indictment and to all the penalties imposed for a violation of the statute. That the evidence on this examination is, that the defendant did declare that he knew his building was occupied by lewd women, harbored by Johnson & Germond ; he also said in substance, that through the means there employed, he was satisfied and compensated by way of rents. That it further appeared in evidence, that the rents were paid by Johnson & Germond, directly to defendant, and to his wife, in his absence, the defendant thus recognizing in the most explicit manner, Johnson & Germond as his tenants, and making himself by law a *keeper* also of said house of ill-fame.

The justice cited a case in the supreme court, (*4th Denio's Reports, p.* 129,) to sustain his opinion in this cause; and did adjudge that the defendant Edwin Parkes, is a disorderly person, within the intent and meaning of the statute, and ordered that the said defendant give a recognizance with sufficient sureties, for his good behavior.

The bail which may be required by statute is unlimited in amount. The law declaring the committing any of the acts which constitute the person so bound a disorderly person, shall be deemed a breach of such recognizance.